# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| AYDIN T. ONER, and U.S. Trustee, Las Vegas,<br><br>            Appellants,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; SETERUS, INC.; OCWEN LOAN SERVICING, INC.; CITIMORTGAGE, INC. and NATIONAL DEFAULT SERVICING CORPORATION<br><br>            Appellees. | Appeal No. 15-15506<br><br>District of Nevada, Case No. 2:14-cv-01604-JCM<br><br>OCWEN LOAN SERVICING, LLC'S MOTION TO STRIKE APPELLANT'S OPENING BRIEF AND DISMISS APPEAL |

Appellee OCWEN LOAN SERVICING, LLC, erroneously named as Ocwen Loan Servicing, Inc. ("Ocwen" or "Appellee") by and through its attorneys of record, Robin Wright, Esq., Dana J. Nitz, Esq. and Victoria L. Hightower, Esq., and pursuant to Ninth Circuit Rule 42-1 and the Federal Rules of Appellate Procedure ("FRAP") Rule 28, hereby moves to strike Appellant Aydin T. Oner's ("Oner" or "Appellant") Opening Brief and dismiss the appeal ("Appeal") for Oner's failure to comply with the FRAP and the Ninth Circuit Court rules.

Pursuant to Ninth Circuit Rule 27-11, the filing of this Motion stays the briefing schedule pending this Court's ruling.

## I.   INTRODUCTION

This appeal arises out of a former homeowner's attack on the foreclosure proceedings regarding four properties. Respondent was one of the servicers for Appellant's loan secured by a senior deed of trust encumbering property previously owned by the Appellant in Pahrump, Nevada.   The case, stylized as one for injunctive and declaratory relief, was dismissed on a motion to dismiss for failure to state a claim.

The instant appeal comes from an adversary proceeding filed by the Appellant in the United States Bankruptcy Court, District of Nevada.   The dismissal of that adversary case was appealed to the United States District Court, District of Nevada, Case Number 2:14-cv-01604-JCM ("District Court Appeal"). The District Court Appeal was dismissed because the Appellant did not file a timely opening brief.  So, Appellant's appeal focuses on the dismissal of the appeal in the District Court because of this error.

The parties dismissed in the underlying adversary action, Case No. 14-01112-mkn, include Defendants Citimortgage, Inc. ("Citimortgage"), National

Default Servicing Corporation ("NDSC"), Federal National Mortgage Corporation ("FNMA"), Seterus, Inc. ("Seterus") and Ocwen.

Once again, Appellant has failed to file a timely Opening Brief, notwithstanding this Court granting Appellant an extension to file the same. Further, Appellant's Opening Brief fails to comply with the FRAP and the Ninth Circuit Rules. As Such, this Court should strike Appellant's Opening Brief and dismiss the Appeal. If denied, Respondent requests leave to file its Answering Brief.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

The underlying action concerns the properties located at 3733 Misty Falls Street, Las Vegas, NV, 1212 Pacific Terrace Drive, Las Vegas, NV and 5080 North Jerry Avenue, Pahrump, Nevada (the "Properties"). Appellee Ocwen is the servicer concerning the Pahrump Property. Appellant initiated an Adversary action in bankruptcy case no. 14-14200-mkn, against Citimortgage, NDSC, FNMA, Seterus, and Ocwen, requesting declaratory and injunctive relief concerning the Properties. Defendants FNMA and Seterus filed a Motion to Dismiss the Adversary Complaint, which Appellee Ocwen joined. On September 23, 2014, the Bankruptcy Court dismissed Appellant's Adversary Complaint in its entirety, as to FNMA, Seterus and Ocwen, finding Appellant failed to plead any plausible non-

conclusory facts and/or legal theories in support of any of Appellant's causes of action.[1]

On September 30, 2014, Appellant filed a Notice of Appeal to the District Court for the District of Nevada ("District Court"), appealing the Bankruptcy's Court's dismissal of the Adversary Action. On or about December 5, 2014, Appellant filed a Motion for Temporary Restraining Order ("MTRO"), requesting the Court enjoin Defendants FNMA and Seterus from taking further foreclosure actions with respect to the Property. The District Court denied the MTRO without prejudice.

On or about December 30, 2014, Appellant filed a Motion for Preliminary Injunction ("MPI"), again requesting the Court enjoin Defendants FNMA and Seterus from taking further foreclosure actions with respect to the Property. On January 15, 2015, the District Court denied Appellant's MPI without prejudice.[2]

On January 20, 2015, Appellant filed a Motion to Extend Time to file his Opening Brief. The District Court granted Appellant's Motion and extended Appellant's time to file the District Court Opening Brief to February 9, 2015. On March 10, 2015, instead of filing his District Court Opening Brief, Appellant filed a Motion to Hold the Appeal in Abeyance. On March 3, 2015, the District Court

---

[1] *See* Bankruptcy Court, District of Nevada, September 23, 2014 Order, attached hereto as **Exhibit 1**.
[2] *See* January 15, 2015 Order, attached hereto as **Exhibit 2**.

denied Appellant's Motion to hold the Appeal in abeyance and ordered Appellant to file his Opening Brief by March 6, 2015.[3]   The District Court noted that if Appellant failed to file his Opening Brief by this deadline, the District Court may impose sanctions, including dismissal of Appellant's Appeal.   Appellant failed to file his Opening Brief by this deadline, and the District Court dismissed the District Court Appeal on March 13, 2015.[4]

The instant matter is Appellant's Appeal of the District Court's Order dismissing his Appeal.  Appellant's Opening Brief was originally due on June 24, 2015.  On June 29, 2015, Appellant filed an <u>untimely</u> Motion to extend time to file opening brief pursuant to FRAP 26(b), requesting over a one month extension on the time to file his Opening Brief.   [Docket Entry #7].   Notwithstanding the untimely request, the Court granted Appellant an extension of time until July 27, 2015.  Despite the extension, Appellant still filed his Opening Brief late on July 28, 2015.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] *See* March 3, 2015 Order, attached hereto as **Exhibit 3**.
[4] *See* March 13, 2015 Order, attached hereto as **Exhibit 4**.

## III. ARGUMENT

### A. This Court Should Strike Appellant's Opening Brief and Dismiss the Appeal Because the Opening Brief is Untimely and Because the Opening Brief Fails to Comply with the Federal Rules of Appellate Procedure and the Ninth Circuit Rules.

#### i. *This Court Should Strike Appellant's Opening Brief Because it is Untimely in Violation of the Time Schedule Order and Ninth Circuit Rule 42-1.*

Appellant's Opening Brief was originally due on June 24, 2015.[5] The Time Schedule Order provides that failure to comply with the Time Schedule Order will result in automatic dismissal of the Appeal pursuant to 9th Cir. R. 42-1. [Docket Entry 1-1]. Appellant failed to file his Opening Brief on June 24, 2015, in violation of the Time Schedule Order and 9th Cir. R. 42-1.

On June 29, 2015, Appellant filed an untimely Motion to extend time to file opening brief pursuant to FRAP 26(b) to July 27, 2015. [Docket Entry #7]. The Court granted Appellant an extension of time until July 27, 2015. Despite the extension, Appellant nevertheless filed his untimely opening brief, titled "Appellant's Informal Opening Brief" ("Opening Brief") on July 28, 2015. As such, this Court should strike Appellant's Opening Brief because it was untimely, despite the requested extension.

/ / /

---

[5] *See* Time Schedule Order, attached hereto as **Exhibit 5.**

### ii. *This Court Should Strike Appellant's Opening Brief and Dismiss the Appeal because the Opening Brief Fails to Follow the Requirements Set Forth in FRAP and the Ninth Circuit Rules.*

This Court should strike Appellant's Opening Brief and dismiss the Appeal because the Opening Brief fails to follow the requirements set forth in FRAP and the Ninth Circuit Rules. Pursuant to FRAP 28, an Appellant brief must contain the following:

(a) Appellant's Brief. The appellant's brief must contain, under appropriate headings and in the order indicated:

(1) a corporate disclosure statement if required by Rule 26.1;

(2) a table of contents, with page references;

(3) a table of authorities--cases (alphabetically arranged), statutes, and other authorities--with references to the pages of the brief where they are cited;

(4) a jurisdictional statement, including:

(A) the basis for the district court's or agency's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(B) the basis for the court of appeals' jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

(C) the filing dates establishing the timeliness of the appeal or petition for review; and

(D) an assertion that the appeal is from a final order or judgment that disposes of all parties' claims, or information establishing the court of appeals' jurisdiction on some other basis;

(5) a statement of the issues presented for review;

(6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record (see Rule 28(e));

(7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;

(8) the argument, which must contain:
(A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(9) a short conclusion stating the precise relief sought; and
(10) the certificate of compliance, if required by Rule 32(a)(7).

In this case, Appellant "has exhibited complete disregard for the requirements" of the FRAP. *See Sekiya v. Gates*, 508 F.3d 1198 (9th Cir. 2007)(The Court of Appeals held that employee's opening brief was so deficient as to warrant striking it in its entirety and dismissing appeal.) In *Sekiya*, the Ninth Circuit found that the brief fails to provide the applicable standard of review, Fed. R.App. P. 28(a)(9)(B), and makes virtually no legal arguments, Fed. R.App. P. 28(a)(9)(A). Furthermore, it lacks a table of contents, Fed. R.App. P. 28(a)(2), a table of authorities, Fed. R.App. P. 28(a)(3), citations to authority, Fed. R.App. P. 28(a)(9)(A), and accurate citations to the record, Fed. R.App. P. 28(a)(9)(A) & (e).

The Opening Brief in this matter is analogous to that in *Sekiya*. Here, Appellant provides no applicable standard of review, and makes virtually no legal arguments. Further, Appellant "has exhibited complete disregard for the requirements" of the appellate rules respecting citations to the record. *See Mitchel v. Gen. Elec. Co.,* 689 F.2d 877, 879 (9th Cir.1982)(dismissing an appeal for failure to comply with Fed. R. App. P. 28(a)(3)*; see also Stevens v. Security Pac.*

*Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("[t]he appellant has filed briefs in this court which fail to comply with Fed. R. App. P. 28(a)(1), (2), & (3). This ground alone would justify dismissal of the appeal."). Similar to *Mitchel*, the Opening Brief contains no table of contents or table of authorities, in violation of FRAP 28 (2) and (3) respectively.

Other Ninth Circuit decisions support granting a motion to strike under the circumstances presented by this case. For example, in *N/S Corp. v. Liberty Mutual Insurance Co.*, 127 F.3d 1145, 1146-47 (9th Cir.1999), the Ninth Circuit struck an opening brief that omitted the appellate standard of review, failed to cite correctly to the record, and exceeded the word limit for proportionally spaced briefs. The court noted it was typically "tolerant of minor breaches of one rule or another," but that the deficiencies in that particular brief were "legion." *Id.* at 1146. In *N/S*, the court noted:

> The violations are legion. First, the standard of review section in the opening brief says nothing about the appellate standard of review and the omission is not corrected elsewhere in the brief. See Fed. R.App. P. 28(a)(6); 9th Cir. R. 28–2.5. Second, while the opening brief is replete with assertions of fact and assertions about the record, it contains a mere handful of generalized record citations. See Fed. R.App. P. 28(e); 9th Cir. R. 28–2.8. The brief leaves it up to the court to attempt to find the asserted information; alas, much of it is not there at all. Third, the opening brief exceeds the word limits for proportionally spaced briefs. See 9th Cir. R. 32(e). All of this is aside from lesser (?) matters like rather creative renditions of what actually occurred at the district court and the citation of California case

authority which had been depublished many weeks before the brief was filed (and was without precedential value).

*Id.* at 1146.

In *N/S Corp.*, the Court struck the opening brief and dismissed the Appeal. *Id.* Like the appellant in *N/S Corp.*, in this case, Appellant utterly disregarded the FRAP. Similar to *N/S Corp.*, the Opening Brief in this case contains no standard of review, as required by FRAP (8)(B).

Additionally, in *Han v. Stanford University*, 210 F.3d 1038 (9th Cir. 2000), the Ninth Circuit dismissed an appeal "'exhibited complete disregard for the requirements' of the appellate rules respecting citations to the record," by failing to follow Federal Rule of Appellate Procedure 28(a)(7) and Ninth Circuit Rule 28-2.8. *Id.* at 1040 (quoting *Mitchel,* 689 F.2d at 879. Specifically, the appellant had failed to include a statement of facts with appropriate references to the record. *Id.* at 1039 n. 3. The appellant had, moreover, "been put on notice that his brief was noncompliant." *Id.* at 1040. Nonetheless, he made no attempt to correct the deficiencies. *Id.*

Likewise here, Appellant's Opening brief utterly fails to comply with FRAP 28(a)(7) as the Opening Brief does not contain "a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings."

Similarly, with respect to 9th Cir. R. 28-2.8, Appellant does not make record references as required by 9th Cir. R. 28-2.8.

Further, the Appeal is not meritorious. The Appeal was dismissed because Appellant failed to follow the procedures below,[6] similar to Appellant's failure to comply with procedure in this matter. As such, this Court should dismiss the Appeal.

## IV.   CONCLUSION

Appellant missed the original deadline provided by this Court to file his Opening Brief. Although this Court subsequently granted Appellant a one month extension to file his Opening Brief, Appellant still filed his Opening Brief late. Furthermore, Appellant's untimely Opening Brief utterly fails to comply with FRAP and the Ninth Circuit Rules. As such, the Opening Brief should be stricken and the Appeal should be dismissed.

/ / /

/ / /

/ / /

---

[6] *See* **Exhibit 3.**

"We attempted to file the instant Motion electronically on August 26th and 27th, 2015. The CM/ECF was not available".  See screenshots, attached hereto as Exhibit 6".

Respectfully submitted this 1st day of September, 2015

/s/ Victoria L. Hightower
Victoria L. Hightower, Esq.
Nevada Bar No. 10897
7785 W. Sahara Ave. Ste. 200
Las Vegas, NV 89117
702-475-7964
Attorney for Appellee

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of September, 2015, I electronically filed the following motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Victoria L. Hightower*
Robin Wright, Esq.
Nevada Bar No. 9296
Dana J. Nitz, Esq.
Nevada Bar No. 0050
Victoria L. Hightower, Esq.
Nevada Bar No. 10897
7785 W. Sahara Ave. Ste. 200
Las Vegas, NV 89117
702-475-7964
Attorney for Appellee

<u>INDEX OF EXHIBITS</u>

Ocwen Loan Servicing, Inc.'s
Motion to Strike Appellant's Opening Brief and Dismiss Appeal

**Exhibit 1** - Bankruptcy Court, District of Nevada, September 23, 2014
Order

**Exhibit 2** - January 15, 2015 Order

**Exhibit 3** - March 3, 2015 Order

**Exhibit 4** - March 13, 2015 Order

**Exhibit 5** - Time Schedule Order

# Exhibit 1

# Exhibit 1

# Exhibit 1

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**September 23, 2014**

Kristin A. Schuler-Hintz, Esq. SBN 7171
Michael Chen, Esq. SBN 7307                              E-filed: 9/22/2014
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (877) 369-6122
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

Attorneys for Defendants Federal National Mortgage Association, Inc. and Seterus, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Adv. No. 14-01112-mkn |
| | ) BK Case No.: 14-14200-mkn |
| Aydin T Oner, | ) |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) DATE: September 10, 2014 |
| Aydin T Oner, | ) TIME: 9:30AM |
| Plaintiff, | ) |
| v. | ) **ORDER DISMISSING ADVERSARY** |
| CitiMortgage, Inc., National Default Servicing | ) **COMPLAINT AS TO FEDERAL** |
| Corp., Federal National Mortgage Assoc., | ) **NATIONAL MORTGAGE** |
| Seterus, Inc., and Ocwen Loan Servicing, LLC | ) **ASSOCIATION, SETERUS, INC., AND** |
| Defendants. | ) **OCWEN LOAN SERVICING, LLC** |

*Rev. 12.09*

M&H File No NV-14-102079
14-14200-mkn

1    The Defendants', Federal National Mortgage Assoc., Inc. and Seterus, Inc., Motion to

2    Dismiss the Adversary Complaint, with Joinder filed by Ocwen Loan Servicing, LLC, servicer

3    for US Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset Backed

4    Certificates, Series 2006-MH1, having come on regularly for hearing at the date and time set

5    forth above before the United States Bankruptcy Court, the Hon. Gary Allen Spraker presiding.

6    Upon review of the Motion and supporting evidence, and good cause appearing, the Court finds

7    as follows:

8        The Plaintiff failing to plead any plausible non-conclusory facts and/or legal theories in

9    support of any of the stated causes of action herein, and as against aforementioned Defendants,

10   thus failing to satisfy the standards of pleading under Federal Rules of Civil Procedure Rule 8

11   and 12(b)(6), and as enunciated in Ashcroft v. Iqbal, 556 U.S 662 (2009), accordingly;

12       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff's

13   Opposition to the Motion to Dismiss is denied.

14       IT IS FURTHER ORDERED that all counts of the Plaintiff's Complaint are dismissed

15   without prejudice as to Defendants Federal National Mortgage Association, Inc., Seterus, Inc.,

16   and Ocwen Loan Servicing, LLC, servicer for US Bank National Association, as Trustee for the

17   C-BASS Mortgage Loan Asset Backed Certificates, Series 2006-MH1.

18       IT IS FURTHER ORDERED that dismissal of the Complaint in its entirety as to the

19   aforementioned Defendants is done so without leave to amend said Complaint by the Plaintiff.

20   IT IS SO ORDERED.

21

22   Submitted by:
23   McCarthy & Holthus, LLP

24   /s/Michael Chen
     Michael Chen, Esq.
25   9510 West Sahara Avenue, Suite 200
     Las Vegas, NV 89117
26   (877) 369-6122

27

28

29   ///

M&H File No NV-14-102079
14-14200-mkn

1  Approved/Disapproved

2  /s/Christopher L. Benner 09/10/14

3  Christopher L. Benner
   Attorney for Ocwen Loan Servicing, LLC, as servicer for
4  US Bank National Association, as Trustee for the C-BASS
5  Mortgage Loan Asset Backed Certificates, Series 2006-MH1

6

7  Approved/Disapproved

8  Mailed by USPS 9/10/14-no response received
   Aydin T. Oner
9  3733 Misty Falls Street
   Las Vegas, NV 89129
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

*Rev. 12.09*                                    M&H File No NV-14-102079
                                                14-14200-mkn

ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

    ☐ The court has waived the requirement set forth in LR 9021(b)(1).

    ☐ No party appeared at the hearing or filed an objection to the motion.

    ☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

    Counsel appearing: None

    Counsel for Ocwen Loan Servicing, LLC. Christopher L. Benner – signed 09/10/14

    Unrepresented parties appearing: None

    Trustee: No Appearance at Hearing, No Additional Service Required

    ☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted by:
McCarthy & Holthus, LLP

/s/ Michael Chen, Esq.
Michael Chen, Esq. SBN 7307

# Exhibit 2

# Exhibit 2

# Exhibit 2

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AYDIN T. ONER,<br><br>                              Plaintiff,<br><br>         v.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION, et al.,<br><br>                              Defendants. | Case No. 2:14-cv-01604-JCM<br><br>ORDER |

Presently before the court is *pro se* appellant Aydin T. Oner's motion for preliminary injunction. (Doc. # 12). Appellees Federal National Mortgage Association ("FNMA") and Seterus, Inc. filed a response (doc. # 13) and appellant filed a reply (doc. # 16).

I.   **Background**

This case is an appeal of the bankruptcy court order dismissing appellant's complaint. Appellant seeks a preliminary injunction to halt the sale of his real property, scheduled for 9:15 AM, December 11, 2014. (*See id.*).

Appellant previously sought a temporary restraining order from this court in an effort to halt the same sale of property. (Doc. # 7). This court denied appellant's motion for temporary restraining order without prejudice on December 5, 2014. (Doc. # 9). The court found that, under Federal Rule of Bankruptcy Procedure 8005, appellant's remedy in seeking a temporary restraining order or any other relief pending appeal should be presented to the bankruptcy judge. Therefore, unless appellant showed why the relief was not obtained from the bankruptcy judge, the proper forum to provide appellant with the remedy he sought was the bankruptcy court, not the district court. Because appellant presented no reasons why he sought review from the district court instead of the procedurally appropriate avenue of the bankruptcy court, the court denied his motion for

temporary restraining order.

Appellant's instant motion for preliminary injunction presents essentially identical arguments and requests the same relief as the prior motion for temporary restraining order. (*See* docs. ## 7, 12). The only significant differences between the two motions are that appellant 1) appears to ask this court to set aside its December 5, 2014 order denying his motion for temporary restraining order, and 2) attaches as an exhibit his opposition to appellee's motion to dismiss from the bankruptcy court's previous proceeding.

In the instant motion for preliminary injunction, appellant once again presents few facts. (*See* doc. # 12). Appellant has only filed with the court a notice of appeal, the prior motion for temporary restraining order, and the instant motion for preliminary injunction and one exhibit. (*See* docs. ## 1, 7).

Based on the few exhibits filed with appellant's notice of appeal, it appears the bankruptcy court dismissed appellant's complaint because appellant "fail[ed] to plead any plausible non-conclusory facts and/or legal theories in support of any of the stated causes of action" and therefore failed to satisfy the standards of pleading under Federal Rules of Civil Procedure 8 and 12(b)(6). (*See* doc. # 1). Appellant then filed a notice of appeal with this court. (Doc. # 1).

## II.   Legal Standard

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

## III.   Discussion

Under Federal Rule of Bankruptcy Procedure 8005, "A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other

1  relief pending appeal must ordinarily be presented to the bankruptcy judge in

2  the first instance. . . . A motion for such relief, or for modification or termination of relief granted

3  by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but

4  the motion shall show why the relief, modification or termination was not obtained from the

5  bankruptcy judge." Fed. R. Bankr. P. 8005 (emphasis added).

6      The bankruptcy appellate panel, or the district court sitting in its stead, will not entertain a

7  request for a stay of judgment pending appeal unless it is first demonstrated that trial judge is

8  unavailable or that request was denied by trial judge. *See In re Wymer*, 5 B.R. 802, 807–08 (B.A.P.

9  9th Cir. 1980); *In re O'Kelley*, No. CIV. 10-00356 DAE, 2010 WL 3984666, at *3 (D. Haw. Oct.

10  8, 2010); Fed. R. Bankr. P. 8005. Only if the trial judge is unavailable does the appellate tribunal

11  exercise its own discretion; in other instances, such as where trial court has denied stay, appellate

12  panel simply determines whether trial court abused its discretion. *Id.*

13      Appellant's motion for a preliminary injunction in the instant case is a motion for "other

14  relief pending appeal" under Rule 8005. Therefore, appellant's motion must ordinarily be

15  presented to the bankruptcy judge in the first instance. If the motion is not presented to the

16  bankruptcy judge first, appellant must show in his motion why the relief was not obtained from

17  the bankruptcy judge.

18      Appellant asserts that his motion cannot be heard by the bankruptcy court because "the

19  bankruptcy court cannot be trusted to respect the limits of its authority . . . ." (Doc. # 16).

20  Appellant continues to assert, as he did in his motion for temporary restraining order, that his

21  pleading before Judge Nakagawa in the bankruptcy court was "non-core." (*Id.*). Therefore,

22  according to appellant, the Federal Rules of Bankruptcy Procedure instruct that Judge Nakagawa's

23  dismissal of his complaint was beyond the scope of his authority. *See* Fed. R. Bankr. P. 7008(a).

24  Federal Rule of Bankruptcy Procedure 7008(a) provides:

25  In an adversary proceeding before a bankruptcy judge, the complaint, counterclaim, cross-claim,

26  or third-party complaint shall contain a statement that the proceeding is core or non-core and, if

27  non-core, that the pleader does or does not consent to entry of final orders or judgment by the

28  bankruptcy judge.

3

1    Appellant claims, again, that he never consented to the bankruptcy court entering any final

2    order or judgment, and that the plain language of the statute means this court should rule in his

3    favor.  Appellant asks the court to impose a preliminary injunction because selling his home and

4    pressuring his tenants to leave constitutes irreparable harm and undue hardship under the test for

5    a preliminary injunction.  (*See* doc. # 12).

6    Appellant stating that a proceeding is "non-core," however, does not make it true.  As

7    evidence to support his claims, appellant asserts that he presented his exhibits to this court by

8    "referring to the [bankruptcy court's] docket numbers in footnotes."  (Doc. # 12).  Appellant

9    suggests that "with a few mouse clicks" this court can locate all of those documents on its

10   electronic docket.  Therefore, only if the court "orders [him] to print then staple all those

11   documents" to his filings, will appellant "go to the trouble of doing it."  (Doc. # 12).

12   The court acknowledges that the appeal was filed *pro se* and is therefore held to less

13   stringent standards.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to

14   be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

15   stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations

16   omitted).  However, "*pro se* litigants in the ordinary civil case should not be treated more favorably

17   than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

18   It is not this court's job to assemble appellant's exhibits for him, especially when appellant

19   has proved more than capable by including one exhibit – his response to appellee's motion to

20   dismiss from the bankruptcy court proceeding of which he now appeals.  In his response appellant

21   "oppose[d] this motion [to dismiss] in its entirety as being insufficient, and not yet properly before

22   the court." (Doc. # 12).  Appellant's issue, however, was not that Judge Nakagawa did not have

23   jurisdiction, as he claims now.  Appellant complained, instead, that appellees motion was

24   incomplete because they had not filed their corporate ownership statement with the court as he

25   thought was required by Federal Rule of Bankruptcy Procedure 7007.1(a).  Therefore, appellant

26   asked that appellees properly resubmit their motion to dismiss, at which point he would respond

27   to their substantive claims.

28   / / /

4

1       Appellant has failed to present any evidence to demonstrate that he has a legitimate reason
2   for not presenting his motion for preliminary injunction before the bankruptcy judge. Appellant's
3   reason that "the bankruptcy court cannot be trusted to respect the limits of its authority," is
4   insufficient.

5       Additionally, as appellees point out, it is peculiar that appellant now claims "lack of
6   consent" as grounds for his appeal when appellant explicitly consented to the bankruptcy court's
7   jurisdiction on the first page of his complaint. (Doc. # 8-Exh. A, at 2). This court agrees with
8   appellee's assessment that appellant simply does not want to consent to judgments adverse to his
9   interests.

10       Appellees further note that appellant continues to engage in a campaign of dilatory conduct
11   to delay the foreclosure of his property, as evidenced by filing essentially the same motion for
12   relief before this court as was previously denied. Further, appellant has ignored this court's prior
13   order regarding proper procedure under Federal Rule of Bankruptcy Procedure 8005, which directs
14   him to present his motion before the bankruptcy judge and not this court. Finally, appellant
15   provides no reason to this court as to why he did not obtain or seek to obtain relief from the
16   bankruptcy judge and presents no exhibits or other evidence to support his claims.

17   **IV.**   **Conclusion**

18       Because the appellant did not seek relief from the bankruptcy court first regarding this
19   motion, and because appellant does not set forth any legitimate reasons why he was unable to seek
20   relief from the bankruptcy court first, appellant's motion for a preliminary injunction will be
21   denied.

22       Accordingly,

23       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant's motion for a
24   preliminary injunction (doc. # 12) be, and the same hereby is, DENIED without prejudice.

25       DATED THIS 14th day of January, 2015.

26

27   JAMES C. MAHAN
    UNITED STATES DISTRICT JUDGE
28

## Exhibit 3

## Exhibit 3

## Exhibit 3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re: | Bk Case No. 14-14200-mkn |
| AYDIN T. ONER, | Chapter 13 (Dismissed) |
| Debtor. | Adv. Proceeding 14-011112-mkn |
| AYDIN T. ONER, | Case No. 2:14-CV-1604 JCM |
| Plaintiff(s)/Appellant, | ORDER |
| v. | |
| CITIMORTGAGE, INC. and NATIONAL DEFAULT SERVICING CORPORATION, et al., | |
| Defendant(s)/Appellees. | |

Presently before the court is *pro se* appellant Aydin T. Oner's motion to hold appeal in abeyance. (Doc. # 20). Appellees Federal National Mortgage Association ("FNMA") and Seterus, Inc. filed a response (doc. # 22), which defendants National Default Servicing Corporation and CitiMortgage, Inc. joined (doc. # 23). Appellant filed a reply. (Doc. # 24).

This case is an appeal of the bankruptcy court order dismissing appellant's complaint. Appellant previously sought a temporary restraining order and a preliminary injunction from this court in an effort to halt the sale of property. (Docs. ## 7, 12). This court denied appellant's motions for temporary restraining order and preliminary injunction without prejudice. (Docs. ## 9, 17).

The court found that, under Federal Rule of Bankruptcy Procedure 8005, appellant's remedy in seeking a temporary restraining order, preliminary injunction, or any other

James C. Mahan
U.S. District Judge

1   relief pending appeal should be presented to the bankruptcy judge.  Therefore, unless appellant

2   showed why the relief was not obtained from the bankruptcy judge, the proper forum to provide

3   appellant with the remedy he sought was the bankruptcy court, not the district court.  Because

4   appellant presented no reasons why he sought review from the district court instead of the

5   procedurally appropriate avenue of the bankruptcy court, the court denied appellant's motions.

6   The property at issue was sold on December 11, 2014.  (Doc. # 22).

7        The court acknowledges that the appeal was filed *pro se* and is therefore held to less

8   stringent standards.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to

9   be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

10  stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations

11  omitted).  However, "*pro se* litigants in the ordinary civil case should not be treated more favorably

12  than parties with attorneys of record."  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

13       Appellant now seeks to hold his appeal in abeyance essentially because he disagrees with

14  the court's prior orders.  Appellate merely asserts that defendants have "either ousted or coerced

15  [his] tenants to vacate . . . depriving [him] of the rent [he is] due . . . ."  (Doc. # 20).  Appellant

16  cites no relevant authority to support his claim or anything in the instant motion.

17       Further, appellant states that filing a brief in the instant case would be a "waste of time."

18  (Doc. # 20).  Appellant has failed to meet the deadline to file his opening brief, despite an extension

19  by this court from January 24, 2015 to February 9, 2015.  (Doc. # 19).

20       Appellant has failed to present any reason, let alone authority, to support his motion to hold

21  appeal in abeyance.  The court and appellees noted previously that appellant engaged in a campaign

22  of dilatory conduct to delay the foreclosure of his property.  Despite the sale of this property,

23  appellant appears to continue his attempts to delay this case from proceeding.  The court will not

24  tolerate appellant's delay tactics and cautions appellant that by failing to file his opening brief by

25  the court's February 9, 2015, deadline he is in violation of a court order.

26  . . .

27  . . .

28       Accordingly,

James C. Mahan
U.S. District Judge

- 2 -

1    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant's motion to

2  hold appeal in abeyance (doc. # 20) be, and the same hereby is, DENIED without prejudice.

3    IT IS FURTHER ORDERED that appellant shall file his opening brief before 5:00 P.M.

4  on Friday, March 6, 2015.  The court cautions appellant that if he fails to file his opening brief by

5  this deadline, the court may impose sanctions, including dismissal of appellant's appeal.

6    DATED March 3, 2015.

7

8    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 3 -

# Exhibit 4

# Exhibit 4

# Exhibit 4

1
2
3
4                        UNITED STATES DISTRICT COURT
5                             DISTRICT OF NEVADA
6                                    * * *
7    In re:                               Bk Case No. 14-14200-mkn
                                          Chapter 13 (Dismissed)
8    AYDIN T. ONER,
                              Debtor.     Adv. Proceeding 14-011112-mkn
9
10   AYDIN T. ONER,                       Case No. 2:14-CV-1604 JCM
11                   Plaintiff(s)/Appellant,
                                                      ORDER
12        v.
13   CITIMORTGAGE, INC. and NATIONAL
     DEFAULT SERVICING CORPORATION, et
14   al.,
15                   Defendant(s)/Appellees.
16
17
18        Presently before the court is the matter of *Oner v. Federal National Mortgage Association,*
19   *et al.,* case number 2:14-cv-01604-JCM.
20        This case is an appeal of the bankruptcy court order dismissing appellant's complaint. *Pro*
21   *se* appellant previously sought a temporary restraining order and a preliminary injunction from this
22   court in an effort to halt the sale of property. (Docs. ## 7, 12). This court denied appellant's
23   motions without prejudice. (Docs. ## 9, 17).
24        Appellant also sought for this court to hold his appeal in abeyance. (Doc. # 20). This court
25   denied appellant's motion on March 3, 2015. (Doc. # 25). The court noted in its order that
26   appellant had failed to meet the deadline to file his opening brief, despite an extension by this court
27   from January 24, 2015 to February 9, 2015. (Doc. # 19). At the time of this court's order,
28   appellant's opening brief was three weeks overdue.

James C. Mahan
U.S. District Judge

The court *sua sponte* granted appellant an additional extension through March 6, 2015. (Doc. # 25). The court cautioned appellant that if he failed to file his opening brief by the March 6, 2015 deadline, the court may impose sanctions, including dismissal of his appeal.

The court acknowledges that the appeal was filed *pro se* and is therefore held to less stringent standards. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Applicable rules permit a court to dismiss claims or deny relief for failure to comply with court orders. *See In re Phynylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Generally speaking, dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine*, 460 F.3d at 1226 (internal citations and quotations omitted).

"These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id.* (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors. *Id.* A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Id.* (internal citations and quotations omitted).

James C. Mahan
U.S. District Judge

- 2 -

1    Here, the failure to comply with the court's express instruction does not lend itself to the

2    expeditious resolution of litigation. The court granted appellant an extension to file his opening

3    brief up to and including February 9, 2015. Appellant did not moved this court for another

4    extension and failed to file his opening brief by February 9, 2015.

5    Further, the court *sua sponte* granted appellant an additional extension which allowed

6    appellant the opportunity to file his opening brief nearly one month beyond the requested deadline

7    that appellant failed to meet. (Doc. # 25). The court cautioned appellant that his appeal may be

8    dismissed if he failed to file his opening brief by March 6, 2015. That deadline has passed.

9    Appellant has failed to file his opening brief, a request for an extension of time, or any

10   other document with the court to indicate that he is attempting to comply with court orders.

11   Additionally, appellant stated in his last filing that submitting an opening brief in the instant case

12   would be a "waste of time." This comment, and appellant's failure to abide by court deadlines

13   suggests that he is not interested in continuing this litigation and will continue to fail to abide by

14   court orders. (Doc. # 20). This weighs in favor of dismissal.

15   The failure to comply in a timely manner with court orders makes it difficult for the court

16   to effectively manage its docket. *See Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831

17   (9th Cir 1986) (citation omitted) (a court's inherent power to control its docket includes the ability

18   to issue sanctions of dismissal where appropriate). This weighs in favor of dismissal.

19   Permitting this case to proceed would prejudice defendants, who are unable to defend

20   because plaintiff refuses move the case forward by filing an opening brief. This factor weighs in

21   favor of dismissal. As such, the court concludes that less drastic sanctions are not appropriate and

22   the dismissal of appellant's appeal is appropriate.

23   Accordingly,

24   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant Aydin T.

25   Oner's appeal be, and the same hereby is, DISMISSED. The clerk's office is instructed to close

26   the case and enter judgment in favor of defendants.

27   DATED March 12, 2015.

28                                              UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -

# Exhibit 5

# Exhibit 5

# Exhibit 5

Case 2:14-cv-01604-JCM Document 25 Filed 03/18/15, Page 1 of 3



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

March 18, 2015

| | |
|---|---|
| No.: | 15-15506 |
| D.C. No.: | 2:14-cv-01604-JCM |
| Short Title: | In re: Aydin Oner, et al v. FNMA/Fannie Mae, et al |

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1.**

**Payment of the docketing and filing fees is past due.** Failure to correct this deficiency within 14 days will result in the dismissal of this case for failure to prosecute. See 9th Cir. R. 42-1. The fee is payable to the District Court.

**Appellants who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

```
FILED

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
```

In the Matter of:

AYDIN T. ONER,

        Debtor,

AYDIN T. ONER,

        Plaintiff - Appellant,

   v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION; SETERUS, INC.;
OCWEN LOAN SERVICING;
CITIMORTGAGE, INC.; NATIONAL
DEFAULT SERVICING
CORPORATION,

        Defendants - Appellees.

No. 15-15506

D.C. No. 2:14-cv-01604-JCM
U.S. District Court for Nevada, Las
Vegas

**TIME SCHEDULE ORDER**

The parties shall meet the following time schedule.

| | |
|---|---|
| **Wed., June 24, 2015** | Appellant's opening brief and excerpts of record shall be served and filed pursuant to FRAP 32 and 9th Cir. R. 32-1. |
| **Fri., July 24, 2015** | Appellees' answering brief and excerpts of record shall be served and filed pursuant to FRAP 32 and 9th Cir. R. 32-1. |

The optional appellant's reply brief shall be filed and served within fourteen days of service of the appellees' brief, pursuant to FRAP 32 and 9th Cir. R. 32-1.

Failure of the appellant to comply with the Time Schedule Order will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Wendy Lam
Deputy Clerk