1  Kristin A. Schuler-Hintz, Esq., SBN 7171
   Michael Chen, Esq., SBN 7307
2  9510 West Sahara Avenue, Suite 200
   Las Vegas, NV 89117
3  Phone (702) 685-0329
   Fax (866) 339-5691
4  Mchen@McCarthyHolthus.com

5

6  Attorney for Appellees, Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc.

7

8                    UNITED STATES COURT OF APPEALS

9                        FOR THE NINTH CIRCUIT

10

11 Aydin T. Oner,                              ) Case No. 15-15506
            Plaintiff/Appellant,               )
12                                             )
   v.                                          ) **FEDERAL NATIONAL MORTGAGE**
13                                             ) **ASSOCIATION'S and SETERUS, INC.'S**
   Federal National Mortage Association; Seterus, ) **(APPELLEES') RESPONSE TO**
14 Inc., Ocwen Loan Servicing, Inc.;           ) **APPELLANT'S OPPOSITION TO**
   CitiMortgage, Inc.; and National Default    ) **MOTION(S) TO DISMISS APPEAL**
15 Servicing Corporation,                      )
                                               )
16                                             )
            Defendant/Appellees.               )
17                                             )
                                               )
18                                             )
                                               )
19                                             )
                                               )
20                                             )
                                               )
21                                             )
                                               )
22 _____ )

23

24      **Federal National Mortgage Association, and Seterus, Inc.,** ("Appellees" herein), files

25 its Response to Appellant's Opposition to Motion to Dismiss.

                              **FACTS**
26
        The facts in this matter are convoluted, and the following information has, in whole or in
27
   part, been previously brought to the Court's attention in earlier pleadings. This case has a
28
   substantial prior history of litigation as between Appellant and Appellees in the Nevada state
29

                                      1

1 courts (as detailed in Appellants' Motion to Dismiss in the Bankruptcy Adversary Case 14-
2 01112-mkn – discussed infra), and has travelled far and wide before coming into this Court.
3 The instant matter is an appeal from an Order of Dismissal of Appeal from the United States
4 District Court, District of Nevada, the Hon. James C. Mahan presiding. The matter before Judge
5 Mahan was, in turn, an appeal (the US District Court sitting in an appellate level capacity) by
6 Appellant from a court order from the United States Bankruptcy Court, District of Nevada, the
7 Hon Mike K. Nakagawa presiding, which dismissed Appellant's (Plaintiff therein) bankruptcy
8 adversary case (adv. case no. 14-01112-mkn) within the matter of In re: Aydin T. Oner, Chapter
9 13 Bankruptcy case no. 14-14200-mkn. This is the second of two failed bankruptcy cases the
10 Appellant has filed. In all cases mentioned above, as well as in the instant case, the
11 Debtor/Plaintiff/Appellant failed to take action in proper prosecution of the matters and was
12 thus dismissed in each and every case.

13 In or around January 21, 2011, the Appellant filed a Chapter 13 Bankruptcy case, case
14 no. 11-10825-mkn. The Appellant failed to properly prosecute the case and file required
15 documents pursuant to 11 U.S.C. sec 521(a) and thus was dismissed by the Chapter 13 Trustee
16 on March 23, 2011. Please see attached Exhibit A to Appellees' Motion to Dismiss dated
17 August 28, 2015.

18 In or around August 2012, Appellees, who are mortgage creditors, instituted foreclosure
19 proceedings on Appellant's real propert(ies), and obtained judgment to do so in May 2014.
20 Please see attached Exhibit B and C to Appellees' Motion to Dismiss dated August 28, 2015.

21 In or around June 2014, and prior to the scheduled foreclosure sale date, the Appellant
22 filed for Chapter 13 bankruptcy relief in the District of Nevada. In or around August 2014, a
23 creditor and the presiding Chapter 13 Trustee filed motions to dismiss bankruptcy case for the
24 Appellant's (then the Debtor's) failure to file necessary documents (most glaringly a Chapter 13
25 Plan of Reorganization) in prosecution of the case pursuant to 11 U.S.C. Sec. 521(i). The case
26 was indeed dismissed on August 27, 2014. Please see Exhibit D to Appellees' Motion to
27 Dismiss dated August 28, 2015.

28 Prior to said dismissal, the Appellant filed his adversary complaint within the
29 bankruptcy case, Adv. No. 14-01112-mkn, thus availing himself to said jurisdiction (and in fact

2

1    alleges such jurisdiction in his Complaint). A copy of the case docket and Complaint are

2    attached Exhibit E and F to Appellees' Motion to Dismiss dated August 28, 2015. All

3    defendants therein (Appellees herein) filed respective motions to dismiss that case, and the

4    Bankruptcy Court granted the dismissal(s) based upon insufficiency of the Appellant's (the then

5    Plaintiff's) Complaint therein in September/November 2014. Please see Exhibit G to

6    Appellees' Motion to Dismiss dated August 28, 2015.

7        Shortly thereafter, Appellant filed his appeal of the dismissal orders to the United States

8    District Court, as case no. 14-cv-01604, before the Hon. James C. Mahan. The Appellant's

9    appeal brief was initially due to be filed on January 24, 2015, as ordered by Judge Mahan on

10    January 7, 2015. On or about January 20, 2015, the Appellant filed a Motion to Extend Time to

11    file the opening brief. The Motion was granted by Judge Mahan on January 28, 2015, and the

12    date to file the opening brief was extended to February 9, 2015. However, the Appellant failed

13    to file his opening brief by February 9, 2015, and instead filed a self-styled "Motion to Hold

14    Appeal in Abeyance" on February 10, 2015. After consideration, Judge Mahan ordered a final

15    extension of time (up to March 6, 2015) to file an opening brief on March 3, 2015. Despite the

16    several extensions of time, the Appellant failed to file any opening brief in this case, and Judge

17    Mahan dismissed the appeal on March 13, 2015. Please see case docket as Exhibit "H" to

18    Appellees' Motion to Dismiss dated August 28, 2015

19        On or about March 30, 2015, the Appellant filed this instant appeal of Judge Mahan's

20    dismissal order of the US District Court Case, appealing the dismissal of the Bankruptcy

21    Adversary Case no. 14-01112. This constitutes the fifth case (not including the state court

22    litigation) in which the Appellant has compelled defendants/Appellees into fruitless litigation.

23    Ostensibly, and setting aside the disparaging remarks Appellant makes about the prior

24    Court/Judges and Defendants/Appellees, the Appellant seeks to appeal orders of dismissal and

25    raises issues that were simply NOT the bases for such dismissal orders. So, while the

26    Appellant does indeed file his opening brief, he apparently misses the point herein. As such,

27    this latest filing constitutes yet another effort at misdirection and mischief that (taken together

28    with Appellant's/Plaintiff's/Debtor's conduct throughout) unduly drags this Court (as with all of

29    the previous Courts) and Defendant/Appellees into a morass of meritless litigation. On the

1   above basis, Appellee Federal National Mortgage Association and Seterus, Inc. had filed its
2   Motion to Dismiss Appeal on August 28, 2015.

3   And finally, as yet additional evidence of the Appellant's intentions herein, he has
4   further engaged in dilatory conduct in extending the deadline to answer said Motion(s) to
5   Dismiss and has filed yet another untimely and misdirected "Opposition" thereto that is long on
6   buying time but preciously short on substance. Thus, this instant matter represents a long and
7   consistent history of Mr. Oner's exploitation of legal process for the purpose of delay without
8   any substantive furtherance of any of Appellant's purported remedies/causes of action, and must
9   be dismissed without further ado.

10
11                                          **ARGUMENT**

12   In the first instance, the Appellant's "Opposition" to the Motion(s) to Dismiss is
13   untimely. The Appellant sought and received an extension of time to file a substantive
14   opposition up until September 28, 2015. Please see docket entry no. 22 herein. The Appellant
15   filed his Opposition on September 30, 2015, and it is untimely. Appellees request that this
16   pleading be struck on that basis pursuant to this Court's order.

17   In the second instance, the "Opposition" contains no substance and the appeal(s) were
18   without merit from their inception.

19   The subject of this instant appeal is the Order of Dismissal of Appeal in the United
20   States District Court case no. 2:14-cv-01604-JCM entered on March 13, 2015. Please see the
21   Notice of Appeal filed in the aforementioned case on March 16, 2015 as Exhibit "A." Despite
22   the clear framing of the issues/Order in question, the Appellant instead exclusively concerns
23   himself with the order of Judge Nakagawa in Bankruptcy case no. (adversary) 14-01112-mkn.
24   This, however, was the subject of the prior appeal in the United States District Court, case no.
25   2:14-cv-01604-JCM. See the Appellant's Notice of Appeal dated September 29, 2014 as
26   Exhibit "B."

27   The Appellant, in the instant case, does not enunciate any standards of review and or
28   legal principles in dispute of Judge Mahan's Order of Dismissal. As such, and as mentioned by
29   all the Appellees herein, Motions to Dismiss the Appeal were filed before this Court.

                                               4

1   Furthermore, the Appellant's "Opposition" to said Motion(s) to Dismiss do not add any
2   additional clarification or foundation for the appeal of Judge Mahan's Order of Dismissal. It
3   simply concludes that the Order is "illegal" and leaves it at that.

4         What the "Opposition" does discuss, however, is the belated appeal of Judge
5   Nakagawa's Order of Dismissal some two legal proceedings beforehand. Again, that was the
6   subject of the prior appeal, and despite the several extensions of time in which to file his brief
7   therein, the Appellant quite simply never filed his brief, even where directly ordered to do so by
8   the Judge, in USDC case no. 2:14-cv-01604-JCM. The Appellant had ample opportunity for
9   Court examination of same, and purportedly knew of the issues he'd wanted to present, but
10  squandered that opportunity because he did not file his opening brief. That issue is moot now,
11  but the Appellant continues to cling to it despite being clearly outside the scope of this instant
12  appeal.

13        Though Judge Nakagawa's Order(s) of Dismissal are obviously irrelevant here, even a
14  cursory examination of those circumstances reveal the misguided nature and meritless nature of
15  that "appeal" (and indicative of all of the Appellant's intentions over the span of the litigation
16  he has instituted). The Dismissal Orders issued by Judge Nakagawa all involved sufficiency of
17  pleadings under Fed.R.Civ.Pro. 12(b) and 9. Appellant has never acknowledged that basis for
18  the Orders and/or as a basis for the appeal therefrom. The demand for review under 11 U.S.C.
19  Sec. 157 is irrelevant as the Orders were not made on said basis. Furthermore, the United States
20  Bankruptcy Court had specifically mentioned that jurisdiction was proper pursuant to 11 U.S.C.
21  Sec. 157(b)(2)(K), and the Complaint/action was therefore a "core" proceeding. Please see
22  footnote 4, Order of Dismissal dated November 10, 2014, Bk Adv.. No. 14-01112-mkn, as
23  Exhibit "C.". Even assuming arguendo that it was not a "core" proceeding, the Appellant
24  clearly and explicitly consented to/acknowledged jurisdiction by virtue of the case filing (in fact
25  three filings) before United States Bankruptcy Court. Please see the attached Complaint,
26  Paragraph 1, subparagraph 2(A), filed in Bankruptcy case no. 14-01112-mkn, as Exhibit "D,"
27  and in conjunction with <u>Wellness Int'l Network, Ltd v. Sharif</u>, 575 U.S. ____ (2015). This
28  erroneously claimed issue on appeal is without substance, and represents yet another example of
29  the Appellant's campaign of delay since 2011, in which cases were filed but ultimately

dismissed because the Appellant either failed to properly prosecute the matter and/or it lacked merit from the outset.

WHEREFORE, Appellees pray for judgment as follows:

1. That the "Opposition" to the Motion(s) to Dismiss Appeal be struck as untimely
2. For an Order dismissing the instant case in its entirety as to all appellees.
3. For attorneys' fees and costs incurred herein.
4. For such other relief as the Court deems proper.

Dated: October 6, 2015                     McCarthy & Holthus, LLP


By: /s/ Michael Chen
Michael Chen, Esq.
Attorney for Appellees Federal National Mortgage Association and Seterus, Inc.

CERTIFICATE OF SERVICE

On October 6, 2015 I served the foregoing documents described as **FEDERAL NATIONAL MORTGAGE ASSOCIATION'S and SETERUS, INC.'S (APPELLEES') RESPONSE TO OPPOSITION TO MOTION TO DISMISS APPEAL** on the following individuals by electronic means through the Court's ECF program:

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/Joni Rispalje

Joni Rispalje

On October 6, 2015, I served the foregoing documents described as **FEDERAL NATIONAL MORTGAGE ASSOCIATION'S and SETERUS, INC.'S (APPELLEES') RESPONSE TO OPPOSITION TO MOTION TO DISMISS APPEAL**, on the following individuals by depositing true copies thereof in the United States mail at San Diego, CA, enclosed in a sealed envelope, with postage paid, addressed as follows:

> Appellant Aydin T. Oner
> 3733 Misty Falls Street
> Las Vegas, NV 89129
>
> Victoria Hightower, Esq.
> Wright Finlay & Zak, LLP
> 7785 W. Sahara Ave. Suite 200
> Las Vegas, NV 89117
> Attorney for Ocwen Loan Servicing
>
> Matthew K. Schriever, Esq.
> Tiffany & Bosco, P.A.
> 212 South Jones Boulevard
> Las Vegas, NV 89107
> Attorney for Citimortgage, Inc. and NDSC

NV-14-644179-CV
Motion to Dismiss Appeal

**EXHIBIT 1**



FILED _____ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 16 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

Aydin T. Oner, Appellant *in proper person*
3733 Misty Falls Street
Las Vegas, NV 89129
Telephone: 702-353-4331

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

In re "AYDIN T ONER," Debtor

Case No: 2:14-cv-01604-JCM

AYDIN T. ONER,

          Plaintiff/Appellant,

   v.

CITIMORTGAGE, INC., *and*
NATIONAL DEFAULT SERVICING
CORPORATION, *et al.,*

          Defendants/Appellees.

Appeal from bankruptcy cases (Chapter 13):
      Case No.: 14-14200-mkn
      Adversary No.: 14-01112-mkn

APPELLANT'S NOTICE OF APPEAL -
28 U.S.C.A. § 1291

     I give notice hereby I appeal this court's final "Order" and "JUDGMENT IN A CIVIL CASE." This appeal is pursuant to 28 U.S.C.A. § 1291 and timely filed.[1]

     Among Judge Mahan's many errors, boiled down for the purposes of this Notice he:

     ***FIRST*, either did not read my submissions or *lied* in his Order #25.**

On page 2 he said:

> "Appellate merely asserts that defendants have "either ousted or coerced [his] tenants to vacate . . . depriving [him] of the rent [he is] due . . . ." (Doc. # 20). **Appellant cites no relevant authority to support his claim or**

---

1  Docket ##26-27, both were entered: "03/13/2015"; *see also Munoz v. Small Business Administration,* 644 F.2d 1361, 1364 (9th Cir. 1981): "an appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment."

Page 1 - NOTICE OF APPEAL

**anything in the instant motion."[2]**

*If he had actually read* my "Motion To Hold Appeal In Abeyance" he would have seen my citation of no less than *ten* "relevant authorit[ies] to support [my] claim or anything in the instant motion."[3]

This is also proof of Judge Mahan's *first* deliberate and manifest error of fact.[4]

**SECOND, proved he is corrupted and willing to commit a manifest injustice against me.[5]** In Order #25 Judge Mahan said:

> "IT IS FURTHER ORDERED that **appellant shall file his opening brief before 5:00 P.M. on Friday, March 6, 2015**. The court cautions appellant that if he fails to file his opening brief by this deadline, the court may impose sanctions, including dismissal of appellant's appeal."

In Order #26,[6] page 2, he said:

> "The court sua sponte granted appellant an additional extension through March 6, 2015. (Doc. # 25). **The court cautioned appellant that if he failed to file his opening brief by the March 6, 2015 deadline, the court may impose sanctions, including dismissal of his appeal.**"

---

2  Please note my emphasis added to quoted text is in boldface

3  Besides other authorities cited where appropriate, including reminding Judge Mahan of his "inherent authority to order this appeal's abeyance," supported by my Footnote 11, there is my Motion's *conspicuous* heading "AUTHORITIES SUPPORTING THIS MOTION" on page 2

4  "An error that is plain and indisputable, **and that amounts to a complete disregard of the controlling law or the credible evidence in the record**." Black's Law Dictionary 582 (8th ed. 2004)

5  "An error in the trial court that is direct, obvious, and observable" - same Black's, page 982

6  Being too eager to manufacture this Order is *not* "in accord with traditional equitable principles and without the aid of presumptions" - *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981 (9th Circuit 2011)

Page 2 - NOTICE OF APPEAL

This utterly corrupted judge set me up to fail.[7]  The case record shows "(Doc. # 25)" was filed "03/03/2015."  I am able to truthfully swear under oath I did not receive it until I got my mail after coming home from work Thursday evening *March 5th*.  I doubt even a competent and fully-staffed law firm could have met a deadline of less than 24 hours.

**THIRD, Judge Mahan further proved he is corrupted and willing to commit a manifest injustice against me by putting his thumb on the scales of justice to favor the other parties in violation of his oath!**  That he did this is evident throughout this case record.  He bootstrapped[8] at least his last two orders by endorsing the fact Judge Nakagawa flouted 28 U.S.C. § 157(c)'s restrictions on bankruptcy jurisdiction, then denied me a full and fair adjudication on the merits, then legalized the fraud these Defendants perpetrated on the courts and on me.[9]  It's plainly and painfully obvious Judge Mahan arrogated to himself authority in the same manner as Judge Nakagawa, with his pen.[10]  By doing so he not only "legalized" the fraud Defendants/Appellees perpetrated on both the bankruptcy and this court, he actively aided and abetted them "going around and above the law,"[11] as well as in avoiding "the resulting consequences provided for by the Negotiable Instruments Law."[12]

---

7  **"If you get a corrupt judge you destroy the laws**. . ." the *actually honorable* Judge Ruben P. Boise, as reported by the Oregonian, August 26, 1857
8  "bootstrap . . .To reach an unsupported conclusion from questionable premises." - same Black's, page 195
9  *McCausland v. Ralston*, 12 Nev. 195, 216 (1877):  ". . .the courts can never be called upon to legalize a fraud. . ."
10  "claiming or taking something without the right to do so" - same Black's, page 118
11  *Whitehead v. Comm'n on Jud. Discipline*, 110 Nev. 874, 907 (1994)
12  *Stewart and Horrton v. Autrand*, 78 Nev. 447, 453 (1962)

**IN CONCLUSION,** I believe despite my not being any kind of legal professional, and relying chiefly on what I can find on the internet (which does *not* include Westlaw, which seems to no longer accept credit card payments from ordinary people like me), I have fully briefed this court on what the law says it must and must *not* do in this case. For this matter at hand, that begins with my Motion for Abeyance and Reply to defendants absolute joke of an Opposition.[13] The case record amply shows instead of respecting and protecting my rights to defend my properties against Defendants' fraudulent claims, Judge Mahan did what the Rules Enabling Act forbids, he *bought into* what Defendants moved and pleaded for and used federal procedural law as an excuse for abridging my rights.[14] "Abridge" is defined as "To reduce or diminish."[15] This judge more than deserves the same criticism the Ninth Circuit made against another arrogant, obstructing federal judge in *this* District: "Such arrogance and assumption of power by one individual is not acceptable in our judicial system."[16]

Unfortunately, and tragically for ordinary people like me seeking justice from this court's assigned judge, who got a starting salary of $170,000 a year on the backs of hard-working people like me, my research shows it literally takes an act of Congress to discipline him. I therefore seem to have no recourse for this manifest injustice and neither this court nor the Ninth Circuit offers *anything* to even disqualify him or replace him an actually competent and impartial judge. So I must appeal.

---

13 Docket ##20, 24

14 28 U.S.C.A. § 2072(b) requires that federal procedural rules "not abridge, enlarge or modify any substantive right"

15 Same Black's, page 6

16 *Wendy Townley; Amy Whitlock; Ashley Gunson; Heather Thomas; Dax Wood v. Ross Miller, Secretary of State of Nevada*, 693 F.3d 1041, 1042 (9th Cir. 09/05/2012), Judge Reinhardt concurring

Page 4 - NOTICE OF APPEAL

I expressly reserve the right to amend or supplement this Notice if I believe it is needed. I also reserve my right to to have the court construe this paper equitably and according to FRBP 1001, FRCP 1 and 7008(a).

*Submitted with all rights reserved on March 16, 2015*

Aydin T. Oner, Appellant *in proper person*

## CERTIFICATE OF SERVICE

I certify that on this date I mailed a true copy of this Notice to:

> McCarthy Holthus, LLP
> 9510 West Sahara Avenue, Suite 110
> Las Vegas, NV 89117

> U.S. Trustee, Las Vegas
> 300 Las Vegas Boulevard South, Suite 4300
> Las Vegas, NV 89101-5803

> Gregory L. Wilde (representing CitiMortgage, Inc., and National
> Default Servicing Corporation)
> 208 S. Jones Blvd.
> Las Vegas, NV 89107

> Smith Larsen Wixom LLP (representing Ocwen Loan Servicing, Inc.)
> 1935 Village Center Circle
> Las Vegas, NV 89134

*Submitted with all rights reserved on March 16, 2015*

Aydin T. Oner, Appellant *in proper person*

**EXHIBIT 2**

Aydin T. Oner, Debtor and Adversary Plaintiff *in proper person*
3733 Misty Falls Street
Las Vegas, NV 89129
Telephone: 702-353-4331

RECEIVED AND FILED

2014 SEP 29 PM 1 05

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re "AYDIN T ONER," <br><br> Debtor. | Case No.: 14-14200-mkn <br><br> Chapter 13 |
| CITIMORTGAGE, INC., AND NATIONAL DEFAULT SERVICING CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION AND SETERUS, INC.; *and* OCWEN LOAN SERVICING, INC., <br><br> Defendants | Adversary No.: 14-01112-mkn <br><br> PLAINTIFF'S NOTICE OF APPEAL - 28 U.S.C.A. § 158(a) |

I appeal this court's "ORDER DISMISSING ADVERSARY COMPLAINT AS

TO FEDERAL NATIONAL MORTGAGE ASSOCIATION, SETERUS, INC., AND

OCWEN LOAN SERVICING, LLC."[1]

This appeal is pursuant to 28 U.S.C.A. § 158(a) and timely if it is filed and

served no later than the 14th day from the Order's entry on September 23, 2014.[2]

To the best of my knowledge and belief, all other parties to the this Order

are:[3]

---

1 *See* docket #21

2 *See* FRBP 8002(a)

3 *See* FRBP 8001(a)

Page 1 - NOTICE OF APPEAL

*# 219198   $ 298-*

Federal National Mortgage Association and Seterus, Inc., represented by:

> "Michael W. Chen by McCarthy Holthus, LLP"
> 9510 West Sahara Avenue, Suite 110
> Las Vegas, NV 89117
> (702) 685-0329

Ocwen Loan Servicing, Inc. represented by:

> "Raymond A. Jereza by Wright, Finlay & Zak, LLP"
> 5532 S. Fort Apache Road, Suite 110
> Las Vegas, NV 89148
> 702-475-7964

"Trustees":

> Rick A. Yarnall
> 701 Bridger Ave., #820
> Las Vegas, NV 89101
> (702) 853-4500

> Kathleen A. Leavitt
> 201 Las Vegas Blvd. S. #200
> Las Vegas, NV 89101
> (702) 853-0700

I expressly reserve the right to amend or supplement this Notice if I believe it is needed. I also reserve my right to to have the court construe this paper equitably and according to FRBP 1001.

*Submitted with all rights reserved on September 29, 2014*

Aydin T. Oner, Debtor and Adversary Plaintiff *in proper person*

Page 2 - NOTICE OF APPEAL

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**September 23, 2014**

Kristin A. Schuler-Hintz, Esq. SBN 7171
Michael Chen, Esq. SBN 7307                    E-filed: 9/22/2014
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Phone (877) 369-6122
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

Attorneys for Defendants Federal National Mortgage Association, Inc. and Seterus, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Adv. No. 14-01112-mkn |
| | ) BK Case No.: 14-14200-mkn |
| Aydin T Oner, | ) |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) DATE: September 10, 2014 |
| Aydin T Oner, | ) TIME: 9:30AM |
| Plaintiff, | ) |
| v. | ) **ORDER DISMISSING ADVERSARY** |
| CitiMortgage, Inc., National Default Servicing | ) **COMPLAINT AS TO FEDERAL** |
| Corp., Federal National Mortgage Assoc., | ) **NATIONAL MORTGAGE** |
| Seterus, Inc., and Ocwen Loan Servicing, LLC | ) **ASSOCIATION, SETERUS, INC., AND** |
| Defendants. | ) **OCWEN LOAN SERVICING, LLC** |

*Rev. 12.09*                              M&H File No NV-14-102079
                                          14-14200-mkn

1    The Defendants', Federal National Mortgage Assoc., Inc. and Seterus, Inc., Motion to

2    Dismiss the Adversary Complaint, with Joinder filed by Ocwen Loan Servicing, LLC, servicer

3    for US Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset Backed

4    Certificates, Series 2006-MH1, having come on regularly for hearing at the date and time set

5    forth above before the United States Bankruptcy Court, the Hon. Gary Allen Spraker presiding.

6    Upon review of the Motion and supporting evidence, and good cause appearing, the Court finds

7    as follows:

8        The Plaintiff failing to plead any plausible non-conclusory facts and/or legal theories in

9    support of any of the stated causes of action herein, and as against aforementioned Defendants,

10   thus failing to satisfy the standards of pleading under Federal Rules of Civil Procedure Rule 8

11   and 12(b)(6), and as enunciated in Ashcroft v. Iqbal, 556 U.S 662 (2009), accordingly;

12       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff's

13   Opposition to the Motion to Dismiss is denied.

14       IT IS FURTHER ORDERED that all counts of the Plaintiff's Complaint are dismissed

15   without prejudice as to Defendants Federal National Mortgage Association, Inc., Seterus, Inc.,

16   and Ocwen Loan Servicing, LLC, servicer for US Bank National Association, as Trustee for the

17   C-BASS Mortgage Loan Asset Backed Certificates, Series 2006-MH1.

18       IT IS FURTHER ORDERED that dismissal of the Complaint in its entirety as to the

19   aforementioned Defendants is done so without leave to amend said Complaint by the Plaintiff.

20
     IT IS SO ORDERED.
21

22   Submitted by:
     McCarthy & Holthus, LLP
23

24   /s/Michael Chen _____
     Michael Chen, Esq.
25   9510 West Sahara Avenue, Suite 200
     Las Vegas, NV 89117
26   (877) 369-6122

27

28

29   / / /

Rev. 12.09                                            M&H File No NV-14-102079
                                                               14-14200-mkn

Approved/Disapproved

*/s/Christopher L. Benner 09/10/14*
Christopher L. Benner
Attorney for Ocwen Loan Servicing, LLC, as servicer for
US Bank National Association, as Trustee for the C-BASS
Mortgage Loan Asset Backed Certificates, Series 2006-MH1


Approved/Disapproved

Mailed by USPS 9/10/14-no response received
Aydin T. Oner
3733 Misty Falls Street
Las Vegas, NV 89129

ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Counsel appearing: None

Counsel for Ocwen Loan Servicing, LLC. Christopher L. Benner – signed 09/10/14

Unrepresented parties appearing: None

Trustee: No Appearance at Hearing, No Additional Service Required

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted by:
McCarthy & Holthus, LLP

/s/ Michael Chen, Esq.
Michael Chen, Esq. SBN 7307

*Rev. 12.09*

M&H File No NV-14-102079
14-14200-mkn

**EXHIBIT 3**

Entered on Docket
November 10, 2014

Honorable Mike K. Nakagawa
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:                                          )    Case No.: 14-14200-MKN
                                                )
AYDIN T. ONER,                                  )    Chapter 13
                                                )
                    Debtor.                     )
_____         )
AYDIN T. ONER,                                  )    Adv. No. 14-01112-MKN
                                                )
                    Plaintiff,                  )
                                                )
v.                                              )
                                                )
CITIMORTGAGE, INC., AND NATIONAL                )    Date:  November 4, 2014
DEFAULT SERVICING CORPORATION, et               )    Time:  9:30 a.m.
al.,                                            )
                                                )
                    Defendants.                 )
_____         )

**ORDER ON MOTION TO DISMISS**[1]

On November 4, 2014, the court heard the Motion to Dismiss filed by Defendants,

CitiMortgage, Inc. and National Default Servicing Corporation.  The appearances of counsel and

_____

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents
filed in the above-captioned bankruptcy case as they appear on the docket maintained by the
clerk of the court.  All references to "AECF No." are to the documents filed in the above-
captioned adversary proceeding.  All references to "Section" are to the provisions of the
Bankruptcy Code, 11 U.S.C. §§ 101-1532.  All references to "FRBP" are to the Federal Rules of
Bankruptcy Procedure.  All references to "FRCP" are to the Federal Rules of Civil Procedure.

1

1  the parties were noted on the record. After oral arguments were presented, the matter was taken
2  under submission.

3  **BACKGROUND**

4       On June 17, 2014, Aydin T. Oner ("Debtor") filed a voluntary Chapter 13 petition. (ECF
5  No. 1). The case was assigned to bankruptcy trustee Rick Yarnall ("Chapter 13 Trustee"). (ECF
6  No. 2). The petition was not accompanied by schedules of assets and liabilities nor the other
7  information required by Section 521(a)(1). Under Section 521(i), Debtor had until August 1,
8  2014, to file all of the information required by Section 521(a)(1), or his Chapter 13 proceeding
9  would be automatically dismissed effective August 2, 2014.

10       On July 8, 2014, Debtor filed numerous schedules of information required by Section
11  521(a)(1), but not all of them. (ECF No. 19).

12       On July 10, 2014, Debtor commenced the above-captioned adversary proceeding by
13  filing an adversary complaint bearing the title "Complaint for Declaratory and Injunctive Relief"
14  ("Complaint"). (AECF No. 1). Defendants named in the Complaint are CitiMortgage, Inc.
15  ("Citi") and National Default Servicing Corporation ("NDSC") with respect to a property located
16  at 3733 Misty Falls Street, Las Vegas, Nevada ("Misty Falls Property"); Federal National
17  Mortgage Association ("FNMA") and Seterus, Inc. ("Seterus") with respect to a property located
18  at 1212 Pacific Terrace Drive, Las Vegas, Nevada; and Ocwen Loan Servicing, Inc. ("Ocwen")
19  with respect to a property located at 5080 North Jerry Avenue, Pahrump, Nevada. The
20  Complaint apparently seeks a declaratory judgment pursuant to FRBP 7001(9) to determine the
21  validity, priority or extent of any lien against the aforementioned properties pursuant to FRBP
22  7001(2).

23       On August 5, 2014, a motion to dismiss the Debtor's Chapter 13 proceeding was filed by
24  Ocwen Loan Servicing, LLC, based on automatic dismissal requirement of Section 521(i). (ECF
25  No. 29).

26       On August 8, 2014, a motion to dismiss the Complaint was filed by FNMA and Seterus.

2

1   (AECF No. 8).

2       On August 11, 2014, Debtor filed opposition to Ocwen's motion to dismiss the

3   bankruptcy proceeding. (ECF No. 32).

4       On August 20, 2014, the Chapter 13 Trustee also filed a motion to dismiss the bankruptcy

5   proceeding under Section 521(i). (ECF No. 35).

6       On August 20, 2014, Debtor filed a statement of financial affairs. (ECF No. 36).

7       On August 22, 2014, Debtor filed opposition to the Chapter 13 Trustee's motion to

8   dismiss the bankruptcy proceeding. (ECF No. 37).

9       On August 27, 2014, an order was entered granting the Chapter 13 Trustee's motion to

10   dismiss pursuant to Section 521(i). (ECF No. 41).[2]

11       On September 2, 2014, Ocwen joined in the motion brought by FNMA and Seterus to

12   dismiss the Complaint. (AECF No. 12).

13       On September 2, 2014, Debtor filed an opposition to the FNMA and Seterus' motion to

14   dismiss. ("Debtor's FNMA Opposition") (AECF No. 15).[3]

15   ————————————

16       [2] On January 21, 2011, Debtor commenced a prior Chapter 13 proceeding denominated
Case No. 11-10825. On March 23, 2011, an order was entered dismissing the case under Section
17   521(i) because of the Debtor's failure to file the information required by Section 521(a)(1). On
August 8, 2013, Debtor commenced another Chapter 13 proceeding denominated Case No. 13-
18   17116. On October 10, 2013, an order was entered dismissing the case under Section 521(i) due
to the Debtor's failure to file the information required by Section 521(a)(1). Because the Debtor
19   filed the most recent bankruptcy proceeding within one year of the dismissal of his second case,
the automatic stay under Section 362(a) was effective for only thirty days under Section
20   362(c)(3)(A). The record reflects that the Debtor did not seek to continue the automatic stay by
filing a motion under Section 362(c)(3)(B), and therefore the automatic stay terminated as to the
21   Debtor as well as the bankruptcy estate. See Reswick v. Reswick (In re Reswick), 446 B.R. 362,
22   366-67 (B.A.P. 9th Cir. 2011).

23       [3] Debtor argued that the motion to dismiss brought by FNMA and Seterus was not
24   properly before the court because the moving parties had not filed a corporate ownership
statement required by FRBP 7007.1. See Debtor's FNMA Opposition at 2. While Debtor is
25   correct that none of the defendants in the adversary proceeding have filed the corporate
ownership statement required by FRBP 7007.1, he cited no authority indicating that such failure
26   precludes consideration of a pleading motion. Debtor also asserted a number of actions he

1          On September 3, 2014, Citi and NDSC filed a separate motion to dismiss the Complaint

2  ("Citi Dismissal Motion").  (AECF No. 13).

3          On September 9, 2014, FNMA and Seterus filed a reply to the Debtor's opposition.

4  (AECF No. 18).

5          On September 10, 2014, a hearing on the motion to dismiss brought by FNMA and

6  Seterus was held and the motion was granted.

7          On September 23, 2014, a written order was entered dismissing the Complaint as to

8  FNMA, Seterus and Ocwen ("FNMA Dismissal Order").  (AECF No. 21).

9          On September 29, 2014, Debtor appealed the FNMA Dismissal Order.  (AECF No. 23).

10         On October 7, 2014, Debtor filed opposition ("Opposition") to the Citi Dismissal Motion.

11  (AECF No. 35).[4]

12         On October 8, 2014, the hearing on the Citi Dismissal Motion was continued to

13  November 4, 2014.  (AECF No. 36).

14                                    **DISCUSSION**

15         The Citi Dismissal Motion is brought pursuant to FRCP 12(b)(6), applicable in this

16  adversary proceeding pursuant to FRBP 7012.

17         "A dismissal under [FRCP] 12(b)(6) is essentially a ruling on a question of law." N. Star

18  Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted).  "The court

19  ─────────────────────

20  intends to take, but none of them address the sufficiency of the allegations actually contained in
    the Complaint. Id. at 3-4.

21

22         [4] Debtor's opposition to the Citi Dismissal Motion incorporates by reference the same
    arguments contained in Debtor's FNMA Opposition. See note 3, supra. He also argues that this
23  court's ruling on the Citi Dismissal Motion is subject to de novo review on appeal under 28
    U.S.C. §157(c) because his Complaint involves a non-core matter. See Opposition at 2. Debtor
24  ignores the language of 28 U.S.C. §157(b)(2)(K) which specifically lists "determinations of the
    validity, extent, or priority of liens" among the core proceedings in which bankruptcy courts may
25  issue a final order. In any event, a dismissal for failure to state a claim for relief is subject to de
    novo review on appeal because it is based on the legal sufficiency of a complaint. See Barnes v.
26  Belice (In re Belice), 461 B.R. 564, 572 (B.A.P. 9th Cir. 2011).

                                          4

1   may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2)

2   insufficient facts under a cognizable legal claim.'" <u>Smilecare Dental Grp. v. Delta Dental Plan</u>

3   <u>of Cal., Inc.</u>, 88 F.3d 780, 783 (9th Cir. 1996), <u>quoting</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>,

4   749 F.2d 530, 534 (9th Cir. 1984).

5       "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

6   accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556

7   U.S. 662, 678 (2009)(quotations omitted), <u>citing</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570

8   (2007). In considering a dismissal motion, the court accepts as true all factual allegations made

9   by, and draws all reasonable inferences in favor of, the plaintiff. <u>See</u> <u>Belice</u>, 461 B.R. at 573.

10   Dismissal is appropriate if there is "a lack of a cognizable legal theory or the absence of

11   sufficient facts alleged under a cognizable legal theory." <u>Id.</u> (citation and quotations omitted).

12   The critical inquiry under either basis is whether the allegations in the complaint are well-pled.

13   While the complaint need not contain "detailed factual allegations, a plaintiff's obligation to

14   provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

15   formulaic recitation of the elements of a cause of action . . . ." <u>Id.</u>, <u>citing</u> <u>Twombly</u>, 550 U.S. at

16   555 (quotations omitted). As such, a claim is facially plausible if there is factual content

17   sufficient for "the court to draw the reasonable inference that the defendant is liable for the

18   misconduct alleged . . . ." <u>Id.</u>, <u>citing</u> <u>Iqbal</u>, 556 U.S. at 678.

19       The Complaint alleges that Citi and NDSC have "aggressively made claims" by

20   "claiming status as a secured creditor" with respect to the Misty Falls Property. <u>See</u> Complaint

21   at ¶ 2. The Complaint further alleges that the Debtor is entitled to a declaratory judgment to

22   determine the validity, priority, or extent of a lien, and:

23       to clarify these properties' titles:

24       A.    Under the *actual and genuine* instruments material to this case,
           B.    Under applicable Nevada state property law, particularly conformance to the

25               *Edelstein* reunification requirements;
           C.    Declare who are the real parties in interest and who are strangers to the Notes and

26               Deeds of Trust, particularly conformance to the *Leyva* standards; and

1         D.     If any Defendants are found to be strangers in the case, to remove their clouds
                     from my title(s).

2

3  Complaint at ¶ 4 (italics in original). The Complaint further alleges that the Debtor may seek

4  injunctive relief and to recover "all costs and disbursements." Id. at ¶¶ 5 and 6. The prayer of

5  requests that "this court declare my rights and other legal relations according to the above." Id.

6  at ¶ 7.

      The allegations of the Complaint are legally insufficient to state a claim for relief. While

7  the Debtor seeks a declaration of the validity, priority or extent of liens, he has alleged no facts

8  identifying a factual or legal dispute concerning the secured claims allegedly made, and made

9  "aggressively," by Citi and NDSC. He has not identified any "instruments material to this case"

10 the genuineness of which is subject to question. He has not alleged any facts suggesting a failure

11 by Citi or NDSC to comply with any applicable Nevada law. He has not alleged any facts

12 implicating the factual and legal issues addressed by the Nevada Supreme Court in Edelstein v.

13 Bank of New York Mellon, 286 P.3d 249 (Nev. 2012) or Leyva v. Nat'l Default Servicing Corp.,

14 255 P.3d 1275 (Nev. 2011). He has not alleged any facts that would establish the existence of a

15 cloud on the title to the Misty Falls Property attributable to the conduct of Citi or NDSC. In

16 short, the Complaint has alleged the "labels and conclusions" found under FRBP 7001(2) and

17 7001(9), but it does not state a plausible basis for a claim for relief.

18      **IT IS THEREFORE ORDERED** that the Motion to Dismiss brought by defendants

19 CitiMortgage, Inc. and National Default Service Corporation, Adversary Docket No. 13, be, and

20 the same hereby is, **GRANTED**.

21      **IT IS FURTHER ORDERED** that plaintiff's adversary proceeding is dismissed without

22 prejudice as to defendants CitiMortgage, Inc. and National Default Service Corporation.

23      **IT IS FURTHER ORDERED** that the continued scheduling conference currently

24 scheduled for January 8, 2015 at 10:00 a.m., is hereby **VACATED**.

25

26

1 | Notice and Copies sent through:

2 |     CM/ECF ELECTRONIC NOTICING AND/OR
         BNC MAILING MATRIX

3 | and sent via FIRST CLASS MAIL BY THE COURT AND/OR BNC to:

4 |
5 | AYDIN T ONER
     3733 MISTY FALLS STREET
6 | LAS VEGAS, NV 89129

7 |                                        # # #

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

**EXHIBIT 4**

RECEIVED
AND FILED

2014 JUL 10 PM 2 15

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Aydin T. Oner, Debtor and Adversary Plaintiff *in proper person*
3733 Misty Falls Street
Las Vegas, NV 89129
Telephone: 702-353-4331

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re "AYDIN T ONER,"<br><br>Debtor. | Case No.: 14-14200-mkn<br><br>Chapter 13 |
| CITIMORTGAGE, INC., AND NATIONAL DEFAULT SERVICING CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION AND SETERUS, INC.; *and* OCWEN LOAN SERVICING, INC.,<br><br>Defendants | Adversary Proceeding No.<br><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

In this matter of three certain real properties, I ALLEGE:

### 1. Plaintiffs and Jurisdiction

I am the owner of record of the real properties which are the subject matter of this case. I commence this adversary complaint under this court's jurisdiction pursuant to Title 11 U.S.C.A. Appendix, Rules 7001(2) and (9) to:

(1) determine the validity or extent of Defendants' claims against my real properties, then

(2) clarify and remove any cloud from the titles. Further:

A. This court has prior-exclusive-and sole *in rem* jurisdiction over the subject

Page 1 - ADVERSARY COMPLAINT

properties commonly known as:

    (1) 3733 Misty Falls Street, Las Vegas, Nevada;

    (2) 1212 Pacific Terrace Dr., Las Vegas, Nevada; and

    (3) 5080 North Jerry Avenue, Pahrump, Nevada.

    B. Because the assigned trustee is the representative of the estate *per se* he is a co-Plaintiff as a matter of law.

## 2. Adversaries

    Defendants have aggressively made claims against my properties without proving those claims adequately under Nevada law. They are:

    A. Claiming status as a secured creditor on my Misty Falls property are CitiMortgage, Inc., and National Default Servicing Corporation.

    B. Claiming status as a secured creditor on my Pacific Terrace property are Federal National Mortgage Association and Seterus, Inc.; and

    C. Claiming status as a secured creditor on my Pahrump property is Ocwen Loan Servicing, Inc.

## 3. Rule 7008 statement

    As required by FRBP 7008(a), to the best of my knowledge and understanding this is a non-core proceeding pursuant to 28 U.S.C.A. § 157.

## 4. Judgment sought

    I am entitled to seek this court's declaratory judgment based on FRBP 7001

Page 2 - ADVERSARY COMPLAINT

"to determine the validity, priority, or extent of a lien or other interest in property," and to clarify these properties' titles:

A. Under the *actual and genuine* instruments material to this case,

B. Under applicable Nevada state property law, particularly conformance to the *Edelstein* reunification requirements;

C. Declare who are the real parties in interest and who are strangers to the Notes and Deeds of Trust, particularly conformance to the *Leyva* standards; and

D. If any Defendants are found to be strangers in the case, to remove their clouds from my title(s).

### 5.  Injunctive relief

The nature of declaratory proceedings provides I may also seek further necessary or proper relief.  I reserve the right to invoke FRBP 7065 for injunctive relief to bar any Defendant from proceeding against my property during the pendency of this case.

### 6.  Recovering my costs and disbursements

I reserve the right to recover all costs and disbursements at the appropriate stage of this case.

### 7.  Request for relief

I pray this court declare my rights and other legal relations according to the above, and all other relief as this court finds lawful, just and equitable.

Page 3 - ADVERSARY COMPLAINT

I expressly reserve the right to amend or supplement this Complaint as needed. I also reserve my right to have this Complaint construed so as to do justice according to applicable law.

*Submitted with all rights reserved on June 10, 2014*

Aydin T. Oner, Debtor and Adversary Plaintiff *in proper person*

Page 4 - ADVERSARY COMPLAINT